IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| WILLIE LOUIS MACK, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | 1:04-cv-01195-RDP-JEO |
| ) | |
| MARTHA L. JORDAN, ) | |
| ) | |
| Respondent. ) | |

**MEMORANDUM OPINION**

The petitioner, Willie Louis Mack, filed this petition for a writ of habeas corpus challenging a conviction and sentence that was used to enhance his federal sentence.  *See* 28 U.S.C. § 2254.  The magistrate judge assigned to the case entered a report and recommendation on May 6, 2005, finding that the petition was due to be dismissed because it was time barred.  (Doc. 19).  When the petitioner did not object to the finding and recommendation, the case was dismissed on May 31, 2005.  (Doc. 21).  On June 7, 2005, the petitioner filed a motion to alter or amend the judgment.  (Doc. 22).  The court treated the motion as a motion to file untimely objections and afforded the petitioner an opportunity to file his objections.  (Doc. 23).  Presently, before the court are the petitioner's objections to the magistrate judge's report and recommendation.  (Doc. 24).

The court has considered the entire file in this action, together with the magistrate judge's report and recommendation and the petitioner's objections, and has reached an independent conclusion that the magistrate judge's report and recommendation is due to be adopted and approved.  The court hereby adopts and approves the findings and recommendation of the magistrate judge as the findings and conclusions of the court.  In accordance with the recommendation, this petition for writ of habeas corpus is due to dismissed with prejudice.

To the extent that the petitioner argues that the Supreme Court's recent decision in *Johnson v. United States*, ___ U.S. ___, 125 S. Ct. 1571, 161 L. Ed. 2d 542 (2005) controls, he is incorrect. In *Johnson*, the court held that the vacatur of a prisoner's prior state conviction, which was used to enhance his federal sentence, was a factual matter that could re-trigger the running of the statute of limitations period for filing a motion to vacate pursuant to Title 28, United States Code, Section 2255. The petitioner's situation is factually distinguishable. His prior conviction was not vacated. His attempt to equate the use of his prior state conviction in his federal sentencing to the *Johnson* situation is unavailing.

An appropriate order will be entered.

**DONE** and **ORDERED** this _____3rd_____ day of August, 2005.

_____
**R. DAVID PROCTOR**
UNITED STATES DISTRICT JUDGE